## SUPREME COURT.

In the Matter of the Petition of MARTIN T. McMAHON, as receiver of taxes, to enforce payment of the tax for personal property imposed upon THOMAS SULLIVAN and JAMES LEAHEY, executors, etc., of ELIZA MOORE, deceased.

*Taxes on personal property — Liability of executors and administrators for taxes imposed upon personal property in their hands belonging to the estate.*

Allegations that certain charitable institutions which were beneficiaries under the will made frequent demands upon the executors for the payment of their bequests shortly after the admission of the will to probate in 1881, and that such requests were based upon the urgent need of the funds, and that such requests being complied with, the executors when

Matter of McMahon.

notified of the imposition of the tax for the collection of which these proceedings are brought, had no moneys in their hands applicable to the payment of such taxes, is no excuse for the non-payment.

It was the duty of the executors, before appropriating any portion of the estate to charitable purposes, to see that the debts of the estate both to individuals and to the state were provided for, and if they have omitted to do so the court is without power to afford them relief.

*New York Chambers, April,* 1884.

*John J. Townsend, Jr.,* for receiver.

*Samuel Untermeyer,* for respondent.

LAWRENCE, *J.* — This proceeding is brought for the purpose of collecting the taxes imposed for the year 1882. It appears by the affidavit of Mr. Comerford that in the accounting of the respondents, filed in the office of the surrogate March 10, 1883, said respondents charged themselves with the balance on hand of the estate of Eliza Moore, amounting to $4,284.73, and that the final decree made by the surrogate directed the sum of $3,279.36 to be paid to the residuary legatee. This decree was filed December 22, 1883. The affidavit of Mr. Sullivan does not show when the personal estate was paid over to the residuary legatee. It alleges that there were no assets of the estate in the hands of the executors, and that they have no funds applicable to the payment of the tax imposed upon the personal property in the year 1883. It does not allege, however, that no such assets were in the hands of the executors at the time of the imposition of the tax, nor is there any pretense that there was any irregularity in the imposition of the tax, or that the notice required by law to be given of the assessment was not duly given and published. The allegation that the charitable institutions which were beneficiaries under the will made frequent demands upon the executors for the payment of their bequests, shortly after the admission of the will to probate in the year 1881, and that such requests were based upon the grounds of urgent need of the funds, and that such requests

being complied with, the executors, when notified of the imposition of the taxes in 1882, had no moneys in their hands applicable to the payment of such taxes, is no excuse for the non-payment of the tax. It was the duty of the executors, before appropriating any portion of the estate to charitable purposes, to see that the debts of the estate, both to individuals and to the state, were provided for, and if they have omitted to do so the court is without power to afford them relief (*See my memorandum in the case of McMahon, Receiver, &c., agt. Brown, Daily Register, March* 18, 1884.)